UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

HAILESLASSIE GODIFAY,

    Plaintiff,

  v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,

    Defendant.

Case No. 2:17-cv-01433-JAD-CWH

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Haileslassie Godifay's ("Plaintiff") application for disability insurance benefits under Titles II and XVI of the Social Security Act. The court has reviewed Plaintiff's motion to remand (ECF No. 22), filed December 30, 2017, the Commissioner's response and cross-motion to affirm (ECF Nos. 23, 24), filed January 30, 2018, and Plaintiff's reply (ECF No. 25), filed February 21, 2018.

**I.    BACKGROUND**

    **1.  Procedural History**

On October 19, 2011, Plaintiff applied for disability insurance benefits and supplemental security income under Title II of the Act, alleging an onset date of January 14, 2010. AR[1] 305.

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 19).)

1  Plaintiff's claim was denied initially, and on reconsideration. AR 223-224, 232-235. A hearing
2  was held before an Administrative Law Judge ("ALJ") on November 8, 2013. AR 151-188.
3  Prior to the hearing, Plaintiff amended the date on which he alleged his disability began to
4  February 1, 2012. AR 269. On December 13, 2014, the ALJ issued a decision finding Plaintiff
5  was not disabled. AR 130-143. In May 2015, the Appeals Council sent the case back to the ALJ
6  for further consideration. AR 100-103. A second hearing was conducted in October 2015, AR
7  44-87, and on December 18, 2015, the ALJ issued a decision finding Plaintiff not disabled. AR
8  22-35. On March 20, 2017, the Appeals Council reviewed additional evidence submitted by
9  Plaintiff and found no reason to reconsider the ALJ's decision, making the ALJ's decision the
10 final decision of the Commissioner. AR 1-4. Plaintiff, on May 19, 2017, commenced this action
11 for judicial review under 42 U.S.C. §§ 405(g). (See Compl. (ECF No. 1).)

**2. The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. At step one, the ALJ determined that even though Plaintiff had worked following his alleged onset of disability, either his earnings did not rise to the level of substantial gainful activity since the alleged onset date or, when they did, the period of work was too brief to qualify (Tr. 24). At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; status post-fracture of the right wrist with resulting degenerative joint disease; major depressive disorder; adjustment disorder; and pain disorder. AR 24. At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R., Part 404, Subpt. P, App. 1 (the listings). AR 25-27. Next, the ALJ found Plaintiff retained the residual functional capacity (RFC) to perform work at the light exertional level with some postural and mental limitations. AR 27-30. Specifically, the ALJ found the evidence supported limitations to occasional stooping, bending, kneeling, crouching, crawling, and climbing; no climbing ladders, ropes, or scaffolds; occasional pushing and pulling with his right hand; and simple, repetitive tasks. AR 27. The ALJ also evaluated Plaintiff's statements about his disabling limitations and found them not fully credible. AR 30. At step four, and with the assistance of a vocational

expert, the ALJ concluded Plaintiff could not perform his past relevant work as a limousine driver because it was performed as semi-skilled, heavy-exertional work. AR 33. At step five, and with the assistance of the vocational expert, the ALJ found that there were jobs existing in significant numbers that someone with Plaintiff's vocational profile could perform. AR 34-35. The ALJ therefore found Plaintiff not disabled as defined in the Act. AR 35.

## II.  DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides.

42 U.S.C. § 405(g). The court may enter "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *see Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole,

weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are insufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based . . . ." *Id.* (*citing Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), cert. denied, 420 U.S. 931 (1975).).

**2. Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See generally* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. Id. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. *See Barnhart*, 540 U.S. at 24. If the individual is not engaged in SGA, then the analysis proceeds to the step two. *See id.* Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017); SSR 85-28, 1985 WL 56856 (Jan. 1, 1985).[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); see also 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223-24 (finding ALJ erred in disregarding SSR 82-41).

the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p, 1996 WL 374184 (July 2, 1996). In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and "the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a*); see also* SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and 20 C.F.R. § 416.927.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). *See* 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. *See* 20 C.F.R. §§ 404.1560(b), 404.1565(a). In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. Id. §§ 404.1560(b), 404.1565(a). If the individual has the RFC to perform her past work, then a finding of not disabled is made. *Id.* § 404.1560(b)(3). If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. §

404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

### 3. Analysis

Plaintiff challenges the RFC determined by the ALJ, and moves to remand this matter, because the ALJ improperly rejected the opinion of the treating physician Dr. Edson Erkulvrawatr and failed to articulate clear and convincing reasons for doing so. Dr. Erkulvrawatr authored multiple reports indicating Plaintiff's work restrictions throughout 2015 which limited Plaintiff's RFC. The Commissioner responds that the ALJ's analysis is correct, and there were ample reasons to reject Dr. Erkulvrawatr's opinions.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). *See* 20 C.F.R. §§ 404.1527, 416.927; *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by

substantial evidence in the record. *Lester*, 81 F.3d at 830-31; *see also Thomas*, 278 F.3d at 957. Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. *See Andrews*, 53 F.3d at 1041 (9th Cir.1995).

Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. *Bayliss*, 427 F.3d at 1216. If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. *Id.* However, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician;" such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. *Lester*, 81 F.3d at 830-31. An ALJ need not accept the opinion of any physician if it is brief, conclusory, and inadequately supported by clinical evidence. *Thomas*, 278 F.3d at 957.

Here, in June and July 2015, Dr. Erkulvrawatr opined that Plaintiff could lift and carry less than ten pounds, should avoid bending at the waist, stopping, pushing, and can sit and stand as needed. In September 2015, he assessed similar restrictions but further assessed that Plaintiff should not sit for longer than ten minutes.

Plaintiff first argues that the ALJ rejected Dr. Erkulvrawatr's opinion with an incomplete and inaccurate summary of his objective observations, focusing on evidence which tends to support an unfavorable decision, while ignoring the rest. Additionally, Plaintiff argues that he underwent a EMG/nerve conduction study just after the ALJ's hearing, but prior to the ALJ's decision date, which confirmed that the Plaintiff suffers from left L5 radiculopathy. Plaintiff concedes that the results were not available to the ALJ, and that the Appeals Council did consider the evidence. AR 5. Plaintiff argues that the new test evidence alters the analysis of whether the ALJ's rejection of Dr. Erkulvrawatr is supported by substantial evidence because the ALJ relied upon the entire record to contradict Dr. Erkulvrawatr, but did not consider the nerve conduction study.

The ALJ explained that he gave little weight to Dr. Erkulvrawatr's opinion that Plaintiff could not sit for more than 10 minutes at a time and requires a sit/stand option by summarizing the contradictory evidence of unremarkable MRIs, CT scans, and X-rays, and consistent, longitudinal clinical findings of normal gait, full motor strength, and intact sensation, with only moderate spinal and joint degeneration. AR 31. The ALJ compared and found inconsistencies between Dr. Erkulvrawatr's restrictions and his own clinical findings. *Id.* Such inconsistencies do not provide sufficient support to adopt the doctor's restrictions. *Morgan v. Comm'r*, 169 F.3d 595, 603 (9th Cir. 1999) (internal inconsistencies within a doctor's report constitutes a legitimate basis for rejecting report).

The ALJ reviewed and summarized records and opinions from several physicians, including treating physicians, examining physicians and consulting physicians. Treating physician Dr. Vator contradicted Dr. Erkulvrawatr and opined Plaintiff could perform light exertional level work. AR 31-32. Plaintiff argues that Dr. Vator only met with Plaintiff once, and that Dr. Erkulvrawatr had a greater opportunity to observe Plaintiff. But treating physician Dr. Kimberly Adams also opined that Plaintiff could return to work, with limitations. When such contradictions among treating physicians occur, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. *Lester*, 81 F.3d at 830-31. Central to the ALJ's determination here was the objective evidence from numerous sources that Plaintiff demonstrated intact strength, sensation and gait. AR 31-32. The ALJ further evaluated the opinions of state medical consultants Drs. Arnow and Nickles, and consultative examiner Dr. Mumford, who opined that Plaintiff could perform light work with some limitations. An ALJ gives legally sufficient reasons where the ALJ "summarized the facts and conflicting clinical evidence in detailed and thorough fashion, stating his interpretation and making findings." *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-1042 (9th Cir. 2008). If the record supports more than one rational interpretation, the court will defer to the ALJ's decision. *See Bayliss*, 427 F.3d at 1214 n.1. The

court concludes that substantial evidence exists to support the ALJ's findings, and the court therefore affirms.

### III.    CONCLUSION AND RECOMMENDATION

Accordingly, IT IS THEREFORE RECOMMENDED that Plaintiff's motion to remand (ECF No. 22) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's cross-motion to affirm (ECF No. 23) be GRANTED.

### IV.    NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 29, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE