**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Haileslassie Godifay,<br><br>　　　　Plaintiff<br><br>v.<br><br>Nancy A. Berryhill, Acting Commissioner of Social Security Administration,<br><br>　　　　Defendant | Case No.: 2:17-cv-01433-JAD-CWH<br><br>**Order Overruling Objection to Magistrate Judge's Report and Recommendation, Denying Motion to Remand, and Granting Motion to Affirm Agency Decision**<br><br>**[ECF Nos. 22, 23, 27, 28]** |

Haileslassie Godifay brought this action for judicial review of the Commissioner of Social Security's final decision denying his application for disability insurance benefits under Title II of the Social Security Act (SSA).[1] An Administrative Law Judge (ALJ) held hearings after Godifay's claim was denied both initially and on reconsideration, and found that Godifay was not disabled.[2] When the Appeals Council found no reason to reconsider the ALJ's decision, it became the final decision of the Commissioner.[3] Godifay moves to remand the case to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g),[4] and the Commissioner moves to affirm the agency's decision.[5]

I referred this case to U.S. Magistrate Judge Carl W. Hoffman for findings and conclusions on the parties' motions. After thoroughly evaluating the parties' arguments, Judge Hoffman recommends that I deny Godifay's motion and grant the Commissioner's cross-

---

[1] ECF No. 10.
[2] ECF No. 19 (manually filed Administrative Record, hereinafter AR).
[3] *Id.*
[4] ECF No. 22.
[5] ECF No. 23.

motion.[6] Godifay objects, arguing that Judge Hoffman erred when he found that the ALJ's decision to give little weight to the opinion of treating physician Dr. Edson Erkulvrawatr is supported by substantial evidence.[7] The Commissioner has not responded to Godifay's objection, and the time for her to do so has expired. Having reviewed the record *de novo*, I agree with Judge Hoffman that there is substantial evidence to support the Commissioner's decision denying Godifay's application for disability insurance benefits, so I overrule Godifay's objection, adopt Judge Hoffman's recommendation, deny Godifay's motion, and grant the Commissioner's cross-motion to affirm.

**Standard of review for agency's decision to deny benefits**

The district court reviews administrative decisions in social-security-disability-benefits cases under 42 U.S.C. § 405(g).[8] Section 405(g) states that "any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[9]

The Commissioner's findings of fact are conclusive if supported by substantial evidence.[10] The district court may set aside the Commissioner's findings, however, if they are

---

[6] ECF No. 27.

[7] ECF No. 28.

[8] *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

[9] *Id.*

[10] 42 U.S.C. § 405(g); *see also Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).

based on legal error or if they are not supported by substantial evidence.[11] The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[12] To evaluate whether the Commissioner's decision is supported by substantial evidence, the court must "review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."[13] Under the substantial-evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record,[14] and when the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation.[15]

### Discussion

Godifay objects that the ALJ's reasons for rejecting the opinion of treating physician Dr. Edson Erkulvrawatr are neither specific and legitimate nor supported by substantial evidence.[16] The Commissioner argues that the ALJ's analysis is correct and that the ALJ provided sufficient, legitimate reasons supported by substantial evidence to reject Dr. Edkulvrawatr's opinion.[17]

In evaluating medical opinions, courts treat differently the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the

---

[11] *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).
[12] *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).
[13] *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).
[14] *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).
[15] *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).
[16] ECF No. 28 at 3 (objection); ECF No. 22 (motion to remand).
[17] ECF No. 23.

claimant (non-examining or consulting physicians).[18] In general, an ALJ must give special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."[19] When a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons.[20] However, if the treating physician's opinion is contradicted by another doctor, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.[21] An ALJ gives legally sufficient reasons where the ALJ "set[s] out a detailed and thorough summary of the facts and conflicting evidence, state[s] his interpretation thereof, and make[s] findings."[22] The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence.[23] If the record supports more than one rational interpretation, the court will defer to the ALJ's decision.[24]

Here, the ALJ explained that he gave little weight to Dr. Erkulvrawatr's opinion that Godifay needed work restrictions like "a sit/stand option and no bending, stooping, pushing, or carrying over ten pounds" because he compared the proffered restrictions with the doctor's own clinical findings and found inconsistencies.[25] The ALJ found that Godifay had "demonstrated intact strength" during Dr. Erkulvrawatr's own examinations.[26] This finding is supported by the

---

[18] *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).
[19] *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted)
[20] *Lester*, 81 F.3d at 830.
[21] *Id.* at 830–831.
[22] *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).
[23] *Tommasetti v. Astrue*, 533 F.3d 1035, 1041–1042 (9th Cir. 2008).
[24] *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).
[25] AR at 31.
[26] *Id.*

record.[27] Internal inconsistencies of this kind do not provide adequate support to adopt the doctor's restrictions.[28]

The ALJ also reviewed and summarized records and opinions from several other physicians, including treating physicians, and found that they contradicted Dr. Erkulvrawatr's opinion. Treating physician Dr. Vater opined that Godifay could perform light exertional level work.[29] Treating physician Dr. Kimberly Adams opined that Godifay could return to work with limitations.[30] The ALJ evaluated the opinions of state medical consultants Drs. Arnow and Nickles, and consultative examiner Dr. Mumford, all of whom opined that Godifay could perform light work with some limitations.[31] These findings are also supported by the record.[32] When contradictions arise among the opinions of treating physicians, the ALJ may reject a treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.[33] The ALJ ascribed varying weight to the medical opinions here depending on how often the doctor examined the patient, how consistent the opinion was with

---

[27] *See, e.g.*, AR at 1118, 1122, 1124, 1162–63 (progress notes from June, July, and August 2015 stating that Godifay's gait was "normal," his motor strength was "5/5," and his sensory capacity was merely "decreased to light touch left L4 L5 dermatome").

[28] *Morgan v. Comm'r*, 169 F.3d 595, 603 (9th Cir. 1999) (explaining that internal inconsistencies within a doctor's report constitute a legitimate basis for rejecting report).

[29] AR at 31–32.

[30] AR at 32.

[31] *Id.*

[32] *See* AR at 196–99, 215–21, 770–72, 1004, 1277–79 (patient status reports from physicians indicating Godifay could return to work with certain restrictions, but not of the type or degree listed by Dr. Erkulvrawatr).

[33] *Lester*, 81 F.3d at 830–31.

the whole of the medical record, and the extent to which any individual doctor's opinion represented a unique and essential portion of the record.[34]

In sum, the ALJ's determination that Godifay is not disabled was predicated in large part on objective evidence from multiple sources that Godifay evidenced "a normal gait and intact strength and sensation" and "only moderate spinal and joint degeneration."[35] Due to the inconsistencies between Dr. Erkulvrawatr's opinion and his clinical findings, together with the contradicting opinions of the other treating physicians, I find that the ALJ articulated specific, legitimate reasons that are supported by substantial evidence in the record to reject Dr. Erkulvrawatr's opinion.

**Conclusion**

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that Godifay's objection **[ECF No. 28] is OVERRULED** and the magistrate judge's report and recommendation **[ECF No. 27] is ADOPTED**. IT IS FURTHER ORDERED that Godifay's motion to remand **[ECF No. 22] is DENIED**. IT IS FURTHER ORDERED that the Commissioner's motion to affirm the agency decision **[ECF No. 23] is GRANTED**. The Clerk of Court is directed to **ENTER JUDGMENT in favor of the Commissioner** and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
July 16, 2019

---

[34] *See id.*

[35] AR at 31–32.